FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 0 1 2010

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| BRIGHTREE LLC, a Delaware limited liability company, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Civil Action No. |
| BILLINGNETWORK PATENT, INC. a Florida corporation, | ) 1:10.CV-2759 ) ) |
| Defendant. | ) ) |

-JOF

## COMPLAINT FOR DECLARATORY AND OTHER RELIEF

Plaintiff Brightree LLC ("Brightree"), by and through its undersigned attorneys, for its Complaint for declaratory relief against Defendant BillingNetwork Patent, Inc. ("BNP" or "Defendant") states as follows:

### NATURE OF THE ACTION

1. This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §2201 and §2202, and the United States Patent Act, 35 U.S.C. §1 *et seq.*

2. Brightree requests a judgment and declaration that it does not infringe or otherwise violate any valid claim of U.S. Patent No. 6,374,229 (the "'229 patent") which issued on April 16, 2002. Brightree requests a judgment and

declaration that the claims of the '229 patent are invalid. A copy of the '229 patent is attached as Exhibit 1.

## PARTIES

3. Plaintiff Brightree is a limited liability company organized and existing under the laws of the State of Delaware and has a principal place of business at 1735 North Brown Road, Suite 500, Lawrenceville, GA 30043.

4. Brightree offers a complete, integrated business management solution, the "Brightree System," for Home Medical Equipment and Durable Medical Equipment providers as well as Orthotics and Prosthetics providers. The Brightree System generally provides remittance management and automated electronic claims processing, rejection/denial management and secondary claims processing.

5. Upon information and belief, Defendant BNP is a corporation organized and existing under the laws of the State of Florida and has a principal place of business in Sarasota, Florida.

6. Defendant BNP, upon information and belief, does business in this judicial district, has maintained several contacts within the State of Georgia relating to the use and enforcement of the '229 patent, has solicited at least 20 companies within Georgia to license its patent and has sent numerous

correspondences via e-mail and regular mail to Plaintiffs related to the enforcement of their '229 patent.

7. In addition to actively pursuing the licensing and enforcement of their '229 patent in Georgia, Defendant BNP has actively and routinely applied the technology purportedly protected by the '229 patent to provide Internet-based medical billing services to at least two Georgia health providers and their Georgia-resident patients pursuant to contractual arrangements with those providers.

## JURISDITION AND VENUE

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, in that it arises under an Act of Congress relating to patents and in that Defendant BNP has created in Plaintiff Brightree a reasonable apprehension that BNP will bring an infringement suit against Brightree in relation to the '229 patent, even though Brightree does not infringe the '229 patent.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

## FACTS GIVING RISE TO THIS ACTION

10. By an initial letter to Brightree's president dated July 27, 2010, BNP (through its counsel) claims to be the owner of the '229 Patent. *See* Exhibit 2.

BNP unequivocally stated its belief that "Brightree LLC infringes the '229 patent." Accompanying this initial correspondence to Brightree was a copy of the '229 Patent and a claim chart including screen shots from Brightree's website allegedly demonstrating how Brightree's system allegedly infringes said patent. Notwithstanding that Brightree does not infringe the '229 patent, BNP is ill-equipped from these screen shots to make such accusations.

11.  In a follow-up email to Brightree's general counsel dated August 19, 2010, counsel for BNP requested "the status of Brightree's investigation of this matter."

12.  By email to Brightree's general counsel dated August 27, 2010, BNP's attorney provided two sample license agreements for licensing the '229 patent and stated that 32 different companies have licensed the '229 patent.

13.  On information and belief, BNP is the current assignee of the '229 patent and has the exclusive right to enforce the '229 patent against others.

14.  In the past, Defendant BNP or its predecessors in interest have initiated approximately 23 lawsuits to enforce the '229 patent against others.

15.  Also, as recently as three years ago, BNP was subject to the jurisdiction of this Court in a declaratory judgment action in this district captioned

*NDCHealth Corporation et al v. Billingnetwork, Inc.*, case number 1:06-CV-666-RWS.

16. BNP's numerous correspondences to Brightree in Georgia, among other things, make clear BNP's belief that Brightree's products infringe, either directly or indirectly, the '229 Patent. BNP's correspondences, combined with the fact that BNP or its predecessors have sued multiple other companies in the past for alleged infringement of the '229 patent has placed Brightree in the untenable position with respect to its business management solution. These circumstances have given Brightree a reasonable apprehension of an imminent infringement suit by BNP. An actual and justiciable case or controversy, therefore, exists between Brightree and BNP.

## COUNT I
### (NONINFRINGEMENT)

17. Brightree re-alleges the allegations of Paragraphs 1 through 16 above as if fully set forth herein.

18. BNP has asserted that the Brightree System infringes, either directly or indirectly, the '229 patent.

19. Contrary to BNP's contentions, the Brightree System does not infringe either directly or indirectly any valid claim of the '229 Patent.

20. A judicial declaration that Brightree does not infringe any valid claim of the '229 Patent is appropriate and necessary.

## COUNT II
### (PATENT INVALIDITY PURSUANT TO 35 U.S.C. §§ 101-103 & 112)

21. Brightree re-alleges the allegations of Paragraphs 1 through 20 above as if fully set forth herein.

22. Defendant BNP's attempt to enforce the '229 patent against Brightree damages Brightree and is likely to continue damaging Brightree in the future.

23. Claims of the '229 patent are invalid for failure to comply with one or more of 35 U.S.C. §§ 101, 102, 103 and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

Wherefore, Brightree respectfully prays for this Court to enter judgment in its favor against BNP as follows:

a. That the Court declare and adjudicate, pursuant to 28 U.S.C. §§ 2201 and 2202, Brightree does not infringe any valid and enforceable claim of the '229 patent;

b. That BNP be enjoined from asserting the '229 patent against Brightree and its representatives, agents, customers contractors and/or affiliates present or prospective;

c. That the Court declare and adjudicate the claims of the '229 patent are invalid;

d. That Brightree recover from BNP all costs incurred in this action;

e. That Brightree have and receive a trial by jury on all issues so triable; and

f. That Brightree be awarded such other and further relief as the Court may deem proper.

Dated August 31, 2010.                    Respectfully submitted,

By: *[signature]*
Christopher L. Wassenaar
Attorney Bar No.: 739710
General Counsel
Brightree LLC
1735 North Brown Road, Suite 500
Lawrenceville, GA 30043
Phone: (678) 243-1136
Fax: (678) 775-7294
CWassenaar@brightree.com

*s/ Michael R. Henson*
Michael R. Henson

*s/ Jonathon P. Martin*
Jonathon P. Martin

HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
P.O. Box 8749
Denver, Colorado 80202
Phone: (303) 295-8000
Fax: (303) 295-8261
mrhenson@hollandhart.com
jpmartin@hollandhart.com

**ATTORNEYS FOR PLAINTIFF BRIGHTREE LLC**

Address of Plaintiff:
1735 North Brown Road, Suite 500
Lawrenceville, GA 30043